1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY D. JONES,

                           Plaintiff,

        v.

TACOMA POLICE DEPARTMENT,
KENNETH P. SMITH, HENRY BETTS,

                           Defendants.

No. C12-6065 RJB/KLS

SECOND ORDER TO SHOW CAUSE

On December 17, 2012, Plaintiff filed his proposed civil rights complaint.  ECF No. 1.
On January 11, 2013, he filed a motion for leave to proceed *in forma pauperis.*  ECF No. 4.  The
motion remains pending.  The Court reviewed Plaintiff's proposed civil rights complaint and
declined to serve it because the complaint appeared to seek only relief in habeas. Plaintiff was
ordered to show cause why his complaint should not be dismissed.  ECF No. 7.

Plaintiff purports to sue the Tacoma Police Department and two of its officers.  ECF No.
1.  In his complaint, Plaintiff alleges that on November 21, 2007, police officers wrongly seized
evidence from his vehicle after he had been arrested, handcuffed, searched, and secured in the
police patrol car.  He contends that the officers should have secured a warrant before doing so.
*Id.*, p. 3.  Plaintiff seeks "immediate release and compensation of general damages of $250,000
and punitive damages of $250,000."  *Id.*, p. 4.   Because Plaintiff seeks an earlier release from
confinement and damages relating to his continued confinement, the Court concluded that his
action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his

ORDER TO SHOW CAUSE- 1

incarceration is through a habeas corpus petition, which he must first file in state court.  Because Plaintiff had not alleged that he had done so or that his conviction or sentence had been reversed or otherwise declared invalid, the Court ordered him to show cause why his complaint should not be dismissed.  ECF No. 7.

In response, Plaintiff provided the Court with a portion of an opinion from the Washington Court of Appeals, Division II, claiming that two of his convictions had been reversed (ECF No. 8, pp. 2-7), portions of an unidentified transcript (ECF No. 8, pp. 8-9), and portions of what appear to be a state court appellate brief dated January 4, 2011 (ECF No. 8, pp. 10-12).  An independent search confirms that on August 30, 2011, Division 2 of the Washington Court of Appeals affirmed Plaintiff's conviction of unlawful possession of cocaine with intent to deliver within 1,000 feet of a school bus stop, but reversed Plaintiff's convictions of unlawful possession of oxycodone and methadone.  *State v. Jones,* 163 Wash.App. 354, 266 P.3d 886 (Wash.App. Div. 2 August 30, 2011).  Review was denied by the Washington Supreme Court on January 4, 2012 in *State v. Jones,* 173 Wash.2d 1009, 268 P.3d 941 (2012).  On March 16, 2012, the case was remanded to the trial court.  *State v. Jones,* 2012 WL 2049884 (Wash.Super. March 16, 2012).  Further, on March 20, 2013, Plaintiff filed an appeal in Case No. 432137 in Division II of the Washington Court of Appeals, in which a decision was filed on January 16, 2013.

However, the Court has no information as to what occurred in Plaintiff's case after it was remanded to the trial court and other than a copy of the docket has no way to determine the nature and/or scope of the appeal in Case No. 432137.  Therefore, based on the information that has currently been provided by Plaintiff, the Court is unable to determine the final status of Plaintiff's convictions for which he now seeks earlier release and/or monetary damages.

ORDER TO SHOW CAUSE- 2

Accordingly, it is **ORDERED:**

(1)     Plaintiff shall provide the Court with information and/or documents relating to the final status of his convictions **on or before March 8, 2013.**  If he fails to do so, the Court will recommend dismissal of this case.

(2)     The Clerk shall send a copy of this Order to Plaintiff.


**DATED** this  12th_  day of February, 2013.


Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE- 3