UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY D. JONES,<br><br>                    Plaintiff,<br><br>     v.<br><br>TACOMA POLICE DEPARTMENT,<br>KENNETH P. SMITH, HENRY BETTS,<br><br>                    Defendants. | No. C12-6065 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  January 3, 2014** |

Before the Court is the motion for summary judgment of Defendants Tacoma Police Department (TPD), Kenneth P. Smith, and Henry Betts.  ECF No. 25.  On October 28, 2013, Defendants provided Plaintiff Anthony D. Jones with a notice consistent with *Woods v. Carey,* 684 F.3d 934, 935, 940-41 (9th Cir. 2012).   Mr. Jones filed no papers in opposition to the motion.

Based on the Court's review of the motion, summary judgment evidence, and balance of the record, the Court concludes that Defendants' motion for summary judgment should be granted.

**FACTS AND PROCEDURAL HISTORY**

**A.     Facts**

On November 21, 2007, Tacoma Police Officers Kenneth Smith and Henry Betts were on duty when they saw Mr. Jones driving an automobile without wearing a seat belt.  ECF No. 26,

REPORT AND RECOMMENDATION- 1

Affidavit of Jean P. Homan and Exhibit 1 (Excerpts from Volume I of Report of Proceedings before the Pierce County Superior Court, Cause 08-1-00445-9) (hereinafter RP 1), pp. 105-108; see also Exhibit 9 to Homan Affidavit (copy of partially published opinion in *State v. Anthony DeWayne Jones,* 163 Wn. App. 354; 266 P.3d 822 (August 30, 2011)).  Officer Smith initiated a traffic stop.  RP I, p. 109.  As Officer Smith approached, Mr. Jones opened the door to his automobile.  RP I, pp. 110-111.

Officer Smith observed a compartment in the open driver's side door of Mr. Jones's automobile which contained white pills and an unlabeled pill bottle.  RP I, pp. 112.  The pills had spilled out of one of the bottles and Officer Smith noted an imprint of the number 512 on one of the white pills.  RP I, pp. 112-113.  Officer Smith recognized the pill as oxycodone.  *Id.*  Officer Smith asked Mr. Jones who owned the pills and Mr. Jones responded that they belonged to his wife.  RP I, pp. 113-114.  Officer Smith asked Mr. Jones if the pill bottle was labeled and Mr. Jones responded that it was not.  *Id.*  Officer Smith asked Mr. Jones what the pills were and Mr. Jones told Officer Smith that the pills were Percocet[1].  *Id.*  Officer Smith advised Mr. Jones he was under arrest for unlawful possession of a controlled substance, asked him to step out of his automobile, placed him in handcuffs, and read him his *Miranda*[2] warnings.  RP I, p. 115.

Officer Smith then searched Mr. Jones incident to arrest.  RP I, p. 118.  As he reached into Mr. Jones's left front pant pocket, Mr. Jones said, "This is not good; I am f***ed."  RP I, p. 119.  Concerned for his safety, Officer Smith asked Mr. Jones what was in his pocket.  *Id.*  Mr. Jones replied, "I got some stuff that I should not be having."  PR I, p. 120.  Officer Smith then opened Mr. Jones's pocket to look inside and observed a plastic baggie containing individually

---

[1] Percocet contains oxycodone and acetaminophen.  PHYSICIAN'S DESK REFERENCE 1125 (62d ed. 2008).

[2] *Miranda v. Arizona,* 384 U.S. 436 (1966).

REPORT AND RECOMMENDATION- 2

packaged blue baggies. Each baggie contained a white chalky substance. *Id.* Officer Smith asked Mr. Jones if the substance, which he suspected to be crack cocaine, was fake and Mr. Jones replied, "No, that's some coke." RP I, pp. 121-122. At trial, Officer Smith testified that in his experience, the amount of cocaine, a total of 21 grams, and the packaging were consistent with an intent to sell the drugs. When Officer Smith asked Mr. Jones what he intended to do with the drugs, Mr. Jones responded that he had intended to sell the pills and the crack cocaine. RP I, p. 129-131.

After placing Mr. Jones in the back of his patrol car, Officer Smith searched Mr. Jones's automobile. Officer Smith found two pill containers, which contained pills, in the driver's side door console. The large pill bottle contained what appeared to be oxycodone and methadone pills. The smaller bottle contained what appeared to be methadone pills. RP I, p. 122, 125-127. Forensics later confirmed that the substances found in Mr. Jones's automobile and on his person were cocaine, oxycodone, and methadone. *State v. Jones,* 266 P.3d at 889.

Mr. Jones' version of the events corroborates the officers' testimony. ECF No. 26, Exhibit 2 to Homan Affidavit (excerpts from Volume II of the Proceedings), herein RP II, pp. 236-245. Officer Betts testified similarly to Officer Smith, however, Officer Betts did not conduct the search of Mr. Jones's person or his automobile. RP I, pp. 165-171.

On January 25, 2008, Mr. Jones was charged with unlawful possession of cocaine with intent to deliver, unlawful possession of oxycodone, and unlawful possession of methadone in the Pierce County Superior Court. ECF No. 26, Exhibit 3 to Homan Affidavit (original Information and Affidavit of Probable Cause). During trial, the State amended the information, adding a school bus zone enhancement to Mr. Jones's unlawful possession of cocaine with intent to deliver charge. *Id.*, Exhibit 4 to Homan Affidavit (Amended Information and Affidavit for

REPORT AND RECOMMENDATION- 3

Probable Cause). Mr. Jones was found guilty at a jury trial on all three counts, including the school bus zone enhancement. *Id.,* Exhibit 5 to Homan Affidavit (original Judgment and Sentence). Mr. Jones was sentenced to 60+ months on the possession of cocaine with intent to deliver charge, plus an additional twenty-four months consecutive school bus zone enhancement. *Id.* Mr. Jones was also sentenced to 24 months' incarceration for the possession of the oxycodone and methadone pills located in his automobile. Those sentences were ordered to run concurrently with his 84 month sentence for the unlawful possession of cocaine with intent to deliver (within 1,000 feet of a school bus zone).

**B.     Procedural History**

Mr. Jones successfully appealed his conviction for unlawful possession of oxycodone and unlawful possession of methadone under the Washington Constitution on the grounds that Officer Smith's search of Mr. Jones's automobile was illegal because Officer Smith did not obtain a warrant prior to conducting the search. The Court of Appeals determined that although, under the open view doctrine, the officer's observation of the pills, from the non-constitutionally protected area outside of the automobile, was not a search, entry into the automobile violated article I, §7 of the Washington State Constitution.[3] *State v. Jones*, 163 Wn. App. 354, 266 P.3d 886 (2011).

The Washington Court of Appeals reversed Mr. Jones's convictions for possession of the oxycodone and methadone pills but affirmed his conviction for unlawful possession of cocaine with intent to deliver within 1,000 feet of a school bus zone. *Jones*, 163 Wn. App. at 356. Mr. Jones was resentenced by the Pierce County Superior Court on the remaining affirmed charge.

---

[3] Although the automobile exception is recognized for purposes of the Fourth Amendment of the United States Constitution, it is not recognized under article I, §7 of the Washington State Constitution. *State v. Snapp,* 174 Wn.2d 177, 192, 275 P.3d 289 (2012).

REPORT AND RECOMMENDATION- 4

ECF No. 26, Exhibit 6 to Homan Affidavit (Order of Dismissal re: Counts II and Ill) and Exhibit 7 (Judgment and Sentence, Count I) to Homan Affidavit.  Mr. Jones's judgment and sentence on Count I has been affirmed by the Court of Appeals.  *Id.*, Exhibit 8 to Homan Affidavit.

Mr. Jones brought this 42 U.S.C. §1983 action alleging that the warrantless search of his automobile after his arrest violated his federal constitutional rights.  Defendants argue that the search of Mr. Jones's automobile incident to arrest and the seizure of drugs in plain sight did not violate his federal constitutional rights.  They also argue that Mr. Jones cannot establish the essential elements of his municipal liability claim and that Officers Smith and Betts are entitled to qualified immunity.

## SUMMARY JUDGMENT STANDARD

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).  A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law.  *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine

REPORT AND RECOMMENDATION- 5

issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)).  The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint.  *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).  A court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Automobilemen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001).  This is true even when a party appears *pro se*.  *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

**DISCUSSION**

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *Crumption v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *ArnoId. v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of.  *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

REPORT AND RECOMMENDATION- 6

**A.      Fourth Amendment – Warrantless Search of Mr. Jones's Automobile**

Mr. Jones alleges that his automobile was illegally searched after he had been arrested, handcuffed, and placed in the patrol car. He alleges that his automobile was in a parking lot and that there was nothing to prevent the officers from safely securing the scene and obtaining a warrant before they searched it.  ECF No. 12.   Mr. Jones makes no claims in this case relating to the initial traffic stop (failure to wear a seat belt in violation of RCW 46.61.688), his arrest for the unlawful possession of a controlled substance (Percocet), or the search of his person incident to his arrest (which revealed 21 grams of crack cocaine in individual baggies).  The only claim before this Court is whether the warrantless search of Mr. Jones's automobile (which revealed two pill bottles containing oxycodone and methadone pills) violated his Fourth Amendment right against unreasonable searches and seizures.[4]

Generally, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967).  Under federal law, one such exception is the "automobile" exception.  In November 2007, when Officer Smith conducted the search of Mr. Jones's automobile, it had been long established by the United States Supreme Court that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.  It follows from this conclusion that

---

[4] To the extent Mr. Jones contends that the search of his automobile was a violation of the Washington State Constitution, his claim is not cognizable in this Section 1983 action.  It is well established that in Washington a plaintiff cannot maintain an action for damages based on constitutional violations, unless a statute so allows.  *Blinka v. Washington State Bar Association*, 109 Wn. App. 575, 591, 36 P.3d 1094 (2001). See also *Reid v. Pierce County*, 136 Wn.2d 195, 213, 961 P.2d 333 (1998) (Washington Supreme Court declined to create civil cause of action for damages for an alleged violation of article I, §7 of the Washington State Constitution).

REPORT AND RECOMMENDATION- 7

the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." *New York v. Belton*, 453 U.S. 454, 460 (1981); *Thornton v. United States*, 541 U.S. 615 (2004); see also *California v. Carney,* 471 U.S. 386 (1985) (automobile exception justified based on lower expectation of privacy in an automobile); *Carroll v. United States*, 267 U.S. 132, 153-54 (1925) (warrantless automobile search supported by probable cause of a crime is lawful due to the mobility inherent in an automobile).

Therefore, at the time of Officer Smith's search of Mr. Jones's automobile in November 2007, the search was recognized as an exception to the Fourth Amendment's warrant requirement and there was no constitutional deprivation. About two years after Mr. Jones's conviction, the Supreme Court redefined the contours of the automobile exception in *Arizona v. Gant*, 556 U.S. 332 (2009). Gant was arrested for driving with a suspended license and was handcuffed in the back of a patrol car when a search of his automobile revealed cocaine in the pocket of a jacket on the backseat. 556 U.S. at 335. The police suspected that Gant was engaged in selling drugs because of a tip relating to the residence Gant was visiting. *Id.* When the police observed Gant drive up to the residence, they arrested him for driving with a suspended license. *Id.* The Supreme Court held that the search was unreasonable because the drug evidence searched for and recovered in the automobile was unrelated to the crime for which Gant was arrested, i.e., driving with a suspended license. *Id.* at 343. The court recognized, however, that in certain cases "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's automobile and any containers therein." *Id.*

Thus, police may now search an automobile incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search, or

REPORT AND RECOMMENDATION- 8

it is reasonable to believe the automobile contains evidence of the *offense of arrest*. *Gant*, 556 U.S. at 351 (emphasis added).  When these justifications are absent, a search of an arrestee's automobile will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.  *Id.*

Even post-*Gant,* the warrantless search of Mr. Jones's automobile was legal because under the search of automobile incident to arrest exception, the record reflects that Officer Smith reasonably believed that evidence relevant to the crime of the arrest might be found in Mr. Jones' automobile.  See *Gant*, 556 U.S at 343.  Unlike Gant who was arrested for a traffic offense, Mr. Jones was arrested for unlawful possession of a controlled substance.  Officer Smith had already clearly observed the drugs in the automobile, from his vantage point outside the automobile, and his observations together with Mr. Jones's pre-arrest admissions formed the basis for the arrest for possession of a controlled substance.  Thus, it was reasonable for Officer Smith to believe that a search of the driver's side door would lead to evidence relevant to the crime of arrest.

Based on the foregoing, the undersigned recommends that Defendants' motion for summary judgment on Mr. Jones's Fourth Amendment claim be granted.  At the time of Officer Smith's search of Mr. Jones's automobile, the search was a legitimate search incident to arrest.  Even post-*Gant,* the search does not violate the Fourth Amendment as it was reasonable for Officer Smith to believe that he would find evidence relating to the offense for which Mr. Jones had been arrested.  Moreover, the search was valid under the plain view doctrine.

**C.     Municipal Liability – City of Tacoma**

Defendant City of Tacoma is entitled to summary judgment on Mr. Jones's claims under § 1983 because there is no genuine issue of material fact that Mr. Jones's injury was not inflicted pursuant to city policy, regulation, custom or usage.  "A municipality may be held liable under a

REPORT AND RECOMMENDATION- 9

claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a respondeat superior theory." *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir.2002) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. *Monell*, 436 U.S. at 691, 98 S.Ct. 2018. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, ––– U.S. ––––, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011).

Mr. Jones names the City of Tacoma in his complaint but asserts no factual allegations against the City.  There is also nothing in the record to support a conclusion that municipal policy caused the alleged constitutional violation.  See *Watkins v. City of Oakland*, 145 F.3d 1087, 1092 (9th Cir.1998).   There is no evidence of practices of sufficient duration, frequency and consistency that would represent a municipal custom or practice sufficient to trigger municipal liability. See *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996).

Mr. Jones has presented no competent and admissible evidence to establish that a violation of his constitutional rights occurred and that such violation was caused by a policy or custom properly attributable to the City of Tacoma.  Therefore, the undersigned recommends that his municipal liability claim be dismissed.

**D.     Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity.  ECF No. 25, pp. 18-20. Under the doctrine of qualified immunity, prison officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

REPORT AND RECOMMENDATION- 10

constitutional rights of which a reasonable person would have known." *Harlow v. FitzgeraId.*, 457 U.S. 800, 818 (1982). A civil rights plaintiff opposing a claim of qualified immunity must establish the existence of a constitutional violation, clearly established law to support the claim, and that no reasonable official could believe their conduct was lawful. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

As the Court has concluded that Mr. Jones has failed to raise material issues of fact relating to his constitutional claims, it is not necessary to address the question of qualified immunity.

**CONCLUSION**

Based on the foregoing, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 25) be **GRANTED,** and Plaintiff's claims against Defendants be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 3, 2014**, as noted in the caption.

**DATED** this  11th  day of December, 2013.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 11